<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BRIAN SIMMONS, | : | |
| a/k/a | : | |
| Omar A. Johnson, | : | |
| | : | Civil Action No. 09-1067 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Brian Simmons
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**PISANO**, District Judge

Plaintiff Brian Simmons, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  By Opinion and Order [6, 7] entered October 8, 2009, this Court (1) dismissed with prejudice all claims against the State of New Jersey, (2) dismissed without prejudice Plaintiff's challenge to the calculation of his sentence, noting that any challenge to the length of his sentence must be brought as a habeas proceeding, (3) dismissed with prejudice all remaining federal claims for

failure to state a claim, and (4) dismissed without prejudice
Plaintiff's remaining state law claim.  In addition, this Court
granted Plaintiff leave to move to re-open, attaching to any such
motion a proposed amended complaint, should he be able to
overcome the deficiencies identified in the Court's Opinion.

This matter is again before the Court pursuant to
Plaintiff's submission of a Letter [9] request to re-open and
submission of a proposed amended complaint.  Having re-opened
this matter, this Court will now screen the proposed amended
complaint, pursuant to 28 U.S.C. § 1915, to determine whether to
grant leave to file.

## I.  BACKGROUND

In the original Complaint, Plaintiff asserted claims for
inadequate medical care, with respect to a case of genital warts,
and a challenge to his place of confinement, in a maximum
security prison with "lifers."  This Court dismissed the medical-
care claim for failure to allege facts suggesting "deliberate
indifference;"  Plaintiff alleged that his medical condition was
treated, but that the treatment was inappropriate and caused his
condition to worsen.  This Court dismissed the "place of
confinement" claim because a prisoner has no liberty interest,
directly under the Due Process Clause of the Fourteenth
Amendment, in a particular place of imprisonment and because
Plaintiff failed to allege facts suggesting that his place of

confinement violated any state-conferred liberty interest or otherwise constituted an "atypical and significant hardship."  In addition, the Court noted that the claims asserted were not appropriate for joinder under the Federal Rules of Civil Procedure, but did not further elaborate on that as the Complaint otherwise failed to state a claim.  As noted earlier, Plaintiff was granted leave to submit a proposed amended complaint if he could overcome the deficiencies noted in the Opinion.

In the proposed amended complaint, Plaintiff names as Defendants the University of Medicine and Dentistry of New Jersey, Dr. Johnny Wu, the New Jersey Department of Corrections, the Commissioner of the NJDOC, and the Warden of New Jersey State Prison.

Plaintiff re-asserts the medical-care claim asserted in the original Complaint.  However, Plaintiff fails again to allege any facts suggesting deliberate indifference.  Accordingly, the claim must again be construed solely as a state-law medical malpractice claim.  Plaintiff does not attempt to cure the deficiencies with respect to his claim regarding his place of confinement.[1] Instead, Plaintiff asserts a litany of new claims.

Plaintiff asserts a claim for use of excessive force.  He alleges that in April 2009, unnamed officers held him down and

---

[1] As Plaintiff has failed to allege any facts to cure the defects in the Eighth Amendment medical-care claim, that claim will be dismissed with prejudice.

3

beat him with night sticks for allegedly refusing to lock in his cell.  He alleges that his leg and/or ankle was injured as a result of this incident.  He also alleges that he received Motrin for the pain, that x-rays were taken, and that medical staff told him that nothing was wrong with his ankle.  He asserts that he has recently been trying to get an ankle brace or an Ace bandage for his ankle.  Plaintiff does not identify the individuals who allegedly beat him or who provided, or denied, his medical care.  At the end of the paragraph containing these allegations, Plaintiff asserts, without elaboration, "14th Amendment failure to supervise."

Plaintiff asserts that his religious beliefs have been violated, contrary to his rights under the First Amendment.  Plaintiff alleges that his food was violated with pine during the month of Ramadan in 2008.  Plaintiff alleges that his Quran was taken from him.  Plaintiff alleges that he has been accused of being a homosexual, which he asserts is a violation of his religious beliefs.  Plaintiff does not identify the individuals alleged to have committed these acts.

Plaintiff asserts that certain medical evidence related to this case has been taken from him.  The Court construes this as an attempt to state a claim for denial of access to the courts.

Plaintiff alleges that his music has been stolen from him and has been wired into his cell and into his brain.  Plaintiff

alleges that the wire in his brain could lead to brain cancer. Plaintiff also alleges that he has refused to provide blood for tests for HIV or Hepatitis, because of fears that he would be injected with HIV.  Because of his fears of bacteria in the prison, Plaintiff seeks an order from this Court that all his medical examinations be performed outside the prison.

Plaintiff alleges that since his "altercation," presumably the alleged April 2009 beating for refusing to lock in to his cell, he has not been allowed to take showers or take recreation in the yard.

Plaintiff does not identify which defendants he contends were involved in these various claims or are otherwise liable for these alleged constitutional violations.  Nor does Plaintiff specify what relief he seeks.

## II.  STANDARDS FOR SUA SPONTE SCREENING

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability. <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

6

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007)

(citations omitted).

The Supreme Court then applied these general standards to a

Sherman Act conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made.  Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement.  And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely." ...  It
> makes sense to say, therefore, that an allegation of
> parallel conduct and a bare assertion of conspiracy
> will not suffice.  Without more, parallel conduct does
> not suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply
> facts adequate to show illegality.  Hence, when
> allegations of parallel conduct are set out in order to
> make a § 1 claim, they must be placed in a context that
> raises a suggestion of a preceding agreement, not
> merely parallel conduct that could just as well be
> independent action.
>
> The need at the pleading stage for allegations
> plausibly suggesting (not merely consistent with)
> agreement reflects the threshold requirement of Rule

> 8(a)(2) that the "plain statement" possess enough heft
> to "sho[w] that the pleader is entitled to relief." A
> statement of parallel conduct, even conduct consciously
> undertaken, needs some setting suggesting the agreement
> necessary to make out a § 1 claim; without that further
> circumstance pointing toward a meeting of the minds, an
> account of a defendant's commercial efforts stays in
> neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading. Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests." Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8. Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief. We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of <u>any</u> civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u>

> Therefore, after <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  <u>ANALYSIS</u>

A.  <u>Amendment of Pleadings</u>

Rule 15 of the Federal Rules of Civil Procedure governs amendment of complaints.  Pursuant to Rule 15(a)(1), a party may amend its pleading once, as a matter of course, within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  "The court should freely give leave when justice so requires."  Fed.R.Civ.P. Rule 15(a)(2).

> In the absence of any apparent or declared reason -
> such as undue delay, bad faith or dilatory motive on
> the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance
> of the amendment, futility of amendment, etc. - the
> leave sought should, as the rules require, be "freely
> given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  A district court may properly deny leave to amend where the proposed amended complaint would be subject to dismissal.  <u>See</u>, <u>e.g.</u>, <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 174 (3d Cir. 2010).

11

Here, the proposed amended complaint fails to cure the defects of the claim for alleged denial of adequate medical care for Plaintiff's genital warts.  In addition, the new claims are not properly joined to this action.  Accordingly, amendment would be futile and the motion to amend will be denied.

B.    <u>Joinder Issues</u>

Without identifying the individuals alleged to have committed the events complained of, Plaintiff seeks in this proposed amended complaint to assert new claims for excessive force by corrections officers (in violation of the Eighth Amendment), violations of his First Amendment right to practice his religion, violation of his right of access to the courts, denial of medical care with respect to an alleged injured ankle, and claims for theft of his music and implantation of a wire in his brain along with a request to have all medical care provided outside of the prison because of his fear of injection with the HIV virus.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

Persons ... may be joined in one action as defendants if:

(A) any right to relief is asserted against them
jointly, severally, or in the alternative with respect
to or arising out of the same transaction, occurrence,
or series of transactions or occurrences; <u>and</u>
(B) any question of law or fact common to all
defendants will arise in the action.

(emphasis added).  <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252

Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th

Cir. 2007).

In actions involving multiple claims and multiple

defendants, Rule 20 operates independently of Rule 18.

Despite the broad language of rule 18(a),
plaintiff may join multiple defendants in a single
action only if plaintiff asserts at least one claim to
relief against each of them that arises out of the same
transaction or occurrence and presents questions of law
or fact common to all.  If the requirements for joinder
of parties have been satisfied, however, Rule 18 may be
invoked independently to permit plaintiff to join as
many other claims as plaintiff has against the multiple
defendants or any combination of them, even though the
additional claims do not involve common questions of
law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane,

<u>Federal Practice and Procedure</u>, § 1655 (3d ed. 2009).

The requirements prescribed by Rule 20(a) are to be

liberally construed in the interest of convenience and judicial

economy.  <u>Swan v. Ray</u>, 293 F.3d 1252, 1253 (11th Cir. 2002).

However, the policy of liberal application of Rule 20 is not a

license to join unrelated claims and defendants in one lawsuit.

<u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir.

2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007); <u>Coughlin v. Rogers</u>, 130 F.3d 1348 (9th Cir. 1997).

Here, Plaintiff has failed to allege facts tying individual defendants to the various claims asserted in the proposed amended complaint.  Certainly, he has failed to allege facts tying "at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all."  The new claims detailed in the proposed amended complaint are completely unrelated to the claims asserted in the original complaint and are completely unrelated to one another.  As the new claims are not appropriate for joinder to the Eighth Amendment medical-care claim asserted in the original Complaint, this Court will deny the request to file the proposed amended complaint.

C.   <u>The Eleventh Amendment</u>

Apart from the prior medical-care claim against the University of Medicine and Dentistry of New Jersey and Dr. Johnny Wu, Plaintiff seeks now to assert new claims against the New Jersey Department of Corrections, the Commissioner of the Department of Corrections, and the Warden of New Jersey State Prison.  These claims are, for the most part, barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not

14

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

Accordingly, it would be futile to permit amendment of the complaint to assert claims against the New Jersey Department of

15

Corrections or against the Commissioner or the Warden in their official capacities.  For this reason, also, it would be futile to permit amendment.

D.   Vicarious Liability

It appears that it would be futile to permit the proposed amendment asserting claims against the Commissioner and Warden. Plaintiff nowhere alleges that either of these individuals was personally involved in the events giving rise to the newly-asserted claims.

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

16

omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  As Plaintiff nowhere alleges facts suggesting that the Commissioner and/or Warden were personally involved in the events complained of, it would be futile to permit amendment of the complaint to assert claims against these individuals.

To the extent Plaintiff is alleging that the Commissioner and/or the Warden are liable for failure to supervise, the proposed amended complaint also fails to state a claim.

Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," City of Canton v. Harris, 489 U.S. 378, 390 (1989), and that failure to train "actually causes injury," a supervisor may be held liable, Id.

In resolving the issue of supervisory liability,

the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform.  That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [supervisor], for the officer's shortcomings may have resulted from factors other than a faulty training program.  ...  Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training ... .  Moreover, for liability to attach ... the identified deficiency in a city's training program must be closely related to the ultimate injury.

Id. at 390-91.  Plaintiff alleges nothing more than that one or more unnamed corrections officers caused him an injury, plainly

17

an insufficient allegation upon which to base liability for failure to train or supervise.  For these reasons, also, it would be futile to permit amendment.

E.   Claims Involving Plaintiff's Bodily Integrity

Plaintiff alleges that his music has been stolen and that it has been re-wired into his brain.  He alleges that the wiring in his brain is causing brain cancer.  In addition, he alleges that he must receive medical care at hospitals outside the prison setting, because of rumors that medical personnel are injecting prisoners with the Human Immunodeficiency Virus.

Pursuant to § 1915(e), "a court may dismiss claims as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 33 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325-28 (1989)).

Plaintiff's claims regarding the invasion of his bodily integrity - that prison personnel have wired his brain and are injecting prisoners with the HIV virus - are fanciful, fantastic,

18

and delusional.  It would be futile to permit amendment of the complaint to assert these claims.

## V.  CONCLUSION

For the reasons set forth above, the Eighth Amendment claims arising out of the treatment of Plaintiff's genital warts will be dismissed with prejudice, for failure to state a claim, and Plaintiff's request to file an amended complaint will be denied. Except as otherwise set forth herein, this Court expresses no opinion as to the merits of the various claims described in the proposed amended complaint.

An appropriate order follows.


/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: December 17, 2010